Marion I. Quesenbery, Cal. SBN 072308
Elise C. O'Brien, Cal. SBN 245967
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone:   (510) 705-8894
Facsimile:   (510) 705-8737
E-mail: marion@rjlaw.com
E-mail: elise@rjlaw.com

Attorneys for Plaintiff
Altafresh LLC dba Chelan Fresh Marketing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAFRESH LLC dba CHELAN FRESH MARKETING,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE RILEY THOMAS, LLC; HELEN RIPPLE; KATHLEEN RILEY; and ANNE THOMAS,<br><br>Defendants. | CASE NO. C-07-03551 CRB<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. § 499a, *et seq.*]**<br><br>1. **ENFORCEMENT OF PACA TRUST PROVISIONS;**<br>2. **BREACH OF CONTRACT;**<br>3. **BREACH OF FIDUCIARY DUTY BY PACA TRUSTEE;**<br>4. **VIOLATION OF PACA: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST;**<br>5. **UNJUST ENRICHMENT;**<br>6. **CONVERSION** |

Plaintiff Altafresh LLC dba Chelan Fresh Marketing ("Chelan Fresh") complains and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act [7 U.S.C. § 499e(c)(5)] ("PACA"), 28 U.S.C. § 1331, and 28 U.S.C. § 1332.

COMPLAINT                                                      1

1  In addition, under 28 U.S.C. § 1367(a), this Court has jurisdiction of any state law claims and remedies by virtue of the Court's supplemental jurisdiction, because the state law claims form part of the same case or controversy.  Venue is proper under 28 U.S.C. § 1391(b).

2. Plaintiff Altafresh LLC dba Chelan Fresh Marketing is a Washington limited liability company whose principal place of business is in Chelan, Washington.

3. Plaintiff is informed and believes and thereon alleges that Defendant Ripple Riley Thomas, L.L.C. ("Ripple Riley") is and was during all material times a California limited liability company with its principal place of business in Ukiah, California.

4. Plaintiff is informed and believes and thereon alleges that Defendant Helen Ripple is an individual who resides in Santa Rosa, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Kathleen Riley is an individual who resides in San Francisco, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Anne Thomas is an individual who resides in Sacramento, California.

## II.

## INTRADISTRICT ASSIGNMENT

7. This action arose in Ukiah, California.  Defendant Ripple Riley's principal place of business is in Ukiah, California.  Plaintiff is informed and believes that the individual Defendants conduct business in Ukiah, California as the three members of the Defendant limited liability company Ripple Riley Thomas, L.L.C. and that they reside in Santa Rosa, San Francisco, and Sacramento.  Plaintiff alleges in this Complaint that Defendants owe Plaintiff $84,655.70 for fresh apples and pears that Plaintiff sold and shipped to Defendant Ripple Riley from December 2006 to March 2007 from the State of Washington to Defendant Ripple Riley in Ukiah, California, pursuant to the contracts of sale between Plaintiff and Defendant Ripple Riley.

These contracts were entered into in Ukiah, California. In addition, Defendants Kathleen Riley, Helen Ripple, and Anne Thomas breached their fiduciary duty in Ukiah, California by allowing Defendant Ripple Riley to dissipate the PACA trust assets held by Ripple Riley for the benefit of Plaintiff.

### III.

### FIRST CAUSE OF ACTION

**(ENFORCEMENT OF THE PACA TRUST PROVISIONS; DISGORGEMENT OF PACA TRUST ASSETS)**
*Against All Defendants*

8.  Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of this Complaint as though fully set forth in this paragraph 8.

9.  Plaintiff Chelan Fresh is and was at all relevant times engaged in the business of selling and shipping agricultural commodities – as defined by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA") – throughout the United States, and it is currently and was at all relevant times licensed by the United States Department of Agriculture ("USDA") as a commission merchant, dealer, and/or broker of perishable agricultural commodities (license number 20040018).

10. Defendant Ripple Riley is and was, at all relevant times, engaged in the business of purchasing and selling perishable agricultural commodities – as defined by the PACA, and it currently is and was at all relevant times licensed by the USDA as a commission merchant, dealer, and/or broker of perishable agricultural commodities (license number 20030262).

11. Plaintiff is informed and believes and thereon alleges that Defendants Anne Thomas, Helen Ripple, and Kathleen Riley are and at all relevant times where the owners, managing members, and officers of Ripple Riley and that they now and at all relevant times did control its day-to-day management, financial affairs, and PACA trust assets.

12. From December 2006 through March 2007, Plaintiff Chelan Fresh sold and shipped perishable agricultural commodities (fresh apples and pears) to Defendant Ripple Riley at Ripple Riley's request. Defendant Ripple Riley agreed to pay Chelan Fresh $89,815.15 for this fresh fruit; however, Ripple Riley has failed to pay for the apples and pears as agreed, and $84,655.70 remains long past due and unpaid by Ripple Riley. Payment was due within 10 days of acceptance of the fruit by Ripple Riley. 7 C.F.R. § 46.2(aa)(5).

13. Pursuant to the PACA trust provisions, 7 U.S.C. § 499e(c), upon receipt by Ripple Riley of Plaintiff's fresh fruit, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on "all [of Ripple Riley's] inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products . . . until full payment of the sums owing" is made to Plaintiff.

14. At or about the date of each sale of perishable agricultural commodities to Ripple Riley, Plaintiff sent an invoice to Ripple Riley. Each invoice set forth information in sufficient detail to identify the transaction and the sum owed by Ripple Riley to Plaintiff for the perishable agricultural commodities purchased by Ripple Riley. Each invoice also included the language required by the PACA, 7 U.S.C. §499e(c)(4), to preserve Plaintiff's PACA trust rights for the total sum owed under the invoices.

15. Plaintiff has performed and fulfilled all duties required of it to preserve its PACA trust rights. As a result, Plaintiff holds – and since the day Ripple Riley received the perishable agricultural commodities from Plaintiff has held – a perfected interest as a statutory trust beneficiary in the PACA trust assets held by Ripple Riley. Indeed, the PACA trust assets never became the property of Ripple Riley. Rather, as the beneficiary of the PACA trust, Plaintiff holds equitable title to the trust assets held by Ripple Riley, which include but are not limited to all inventory of perishable agricultural commodities, all proceeds and receivables from the sale

1  of perishable agricultural commodities, and all assets purchased with or maintained by the
2  proceeds from the sale of perishable agricultural commodities.

3  16.   The PACA trust requires and required Defendants Ripple Riley, Helen Ripple,
4  Kathleen Riley, and Anne Thomas to hold and preserve all perishable agricultural commodities,
5  proceeds, and receivables in trust for the benefit of Plaintiff, until full payment is made by Ripple
6  Riley to Plaintiff.  Plaintiff is informed and believes and on that basis alleges that Defendants
7  Ripple Riley, Helen Ripple, Kathleen Riley, and Anne Thomas have failed to maintain the trust
8  assets and to keep them available to satisfy Defendant Ripple Riley's obligations to Plaintiff.

9  17.   Plaintiff is informed and believes and on that basis alleges that Defendants
10 improperly dissipated Plaintiff's interest in the PACA trust assets held by Ripple Riley by
11 wrongfully transferring or diverting them to themselves and/or to other third parties who were
12 not bona fide purchasers, by granting a security interest in the trust assets, by failing to maintain
13 the trust, and/or by using the trust assets for purposes other than for paying Plaintiff, all in
14 violation of the PACA and in breach of their fiduciary duties.  7 U.S.C. §§ 499b(4) & 499e(c).

15 18.   As a direct and proximate result of the wrongful acts and omissions of Defendants
16 Ripple Riley, Helen Ripple, Kathleen Riley, and Anne Thomas, Plaintiff has been damaged in
17 the sum of $84,655.70, plus pre and post judgment interest at the contractual rate of 18% per
18 year, costs, and attorneys' fees, all of which qualifies for protection under the PACA trust
19 provisions.

20 19.   Consequently, because Plaintiff has and had a superior interest in Ripple Riley's
21 PACA trust assets, Defendants should account for all PACA trust assets currently in Ripple
22 Riley's possession or previously held by Ripple Riley.  In addition, Defendants should disgorge
23 all PACA trust assets, now in their possession or in the possession of third parties controlled by
24

COMPLAINT                              5

them, to Plaintiff until Plaintiff has been paid in full for the fresh apples and pears that it sold and shipped to Ripple Riley.

## IV.

## SECOND CAUSE OF ACTION

**(BREACH OF CONTRACT)**
*Against Defendant Ripple Riley*

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth in this paragraph 20.

21. Plaintiff has fulfilled all of its obligations under the contracts with Defendant Ripple Riley; however, Ripple Riley has failed to pay Plaintiff the sums that it agreed to pay Plaintiff for the fresh apples and pears that Plaintiff sold and shipped to Ripple Riley.

22. Plaintiff has repeatedly demanded that Defendant Ripple Riley pay the $84,655.70 that Ripple Riley owes it and that is well past due; however, in breach of its contracts with Plaintiff, Ripple Riley has failed to do so.

23. As a direct and proximate result of Defendant Ripple Riley's breach of the contracts with Plaintiff, Plaintiff have been damaged in the sum of $84,655.70, plus pre and post judgment contractual interest at the rate of 18%, attorneys' fees, and costs.

## V.

## THIRD CAUSE OF ACTION

**(BREACH OF FIDUCIARY DUTY BY PACA TRUST TRUSTEE)**
*Against Defendants Helen Ripple, Kathleen Riley, and Anne Thomas*

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth in this paragraph 24.

COMPLAINT                                6

25. As the owners, managing members, and officers of Ripple Riley, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas controlled and continue to control the day-to-day operations, financial affairs, and PACA trust assets of Ripple Riley.

26. As individuals in a position to control the PACA trust assets held by Ripple Riley, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas are and were at all relevant times the statutory trustees of the PACA trust assets held by Ripple Riley for the benefit of Plaintiff. As trustees, Defendants Helen Ripple, Kathleen Riley, and Anne Thomas were required to maintain the PACA trust assets in a manner that insured that they would be readily available to satisfy Ripple Riley's outstanding debt to Plaintiff.

27. Defendants Helen Ripple, Kathleen Riley, and Anne Thomas breached their fiduciary duty by failing to maintain the PACA trust assets in a manner so as to insure payment to Plaintiff, by dissipating the PACA trust assets, and by failing to account for the PACA trust assets.

28. As a direct and proximate result of Defendants Helen Ripple, Kathleen Riley, and Anne Thomas's breach of their fiduciary duty, Plaintiff has been damaged in the sum of $84,655.70, plus interest at the contractual rate of 18% per year, costs, and attorneys' fees.

## VI.

### FOURTH CAUSE OF ACTION

**(FAILURE TO PAY PROMPTLY AND TO MAINTAIN PACA TRUST)**
*Against Defendant Ripple Riley*

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth in this paragraph 29.

30. Although the agreed time for payment for Plaintiff's apples and pears is long past due, Ripple Riley has failed and continues to fail to make full payment for these commodities.

COMPLAINT                               7

31.   In addition, Ripple Riley has failed to properly maintain the PACA trust assets so as to have sufficient funds to pay Plaintiff in full for the fresh fruit that Ripple Riley purchased from Plaintiff.

32.   Ripple Riley's failure to "make full payment promptly" for all sums due to Plaintiff and its failure "to maintain the trust," so as to be freely available to pay Plaintiff, are violations of the PACA.  7 U.S.C. § 499b(4).

33.   As a direct and proximate result of Defendant Ripple Riley's violations of the PACA, Plaintiff have been damaged in the sum of $84,655.70, plus interest, costs, and attorneys' fees.

## VII.

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment)**
*Against All Defendants*

34.   Plaintiff alleges and incorporates by reference paragraphs 1 through 33 inclusive, of this Complaint as though fully set forth in this paragraph 34.

35.   Plaintiff is informed and believes that Defendants converted, or are now in the process of converting, to their own use and benefit, the proceeds from the sale of Plaintiff's fresh pears and apples.

36.   If Defendants are allowed to continue to convert and/or use these proceeds, they will be unjustly enriched to the detriment of Plaintiff.

37.   As a direct and proximate result of Defendants' wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the sum of $84,655.70.

## VIII.

## SIXTH CAUSE OF ACTION

### (Conversion)
*Against All Defendants*

38.  Plaintiff alleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth in this paragraph 38.

39.  At all times relevant, Plaintiff was and currently is entitled to possession of the perishable agricultural commodities that it sold to Defendant Ripple Riley and/or to the sums that were derived from the sale of Plaintiff's apples and pears by Defendant Ripple Riley.

40.  Beginning in early 2007 and continuing thereafter, Plaintiff has repeatedly demanded the immediate turnover of the sums that Plaintiff received from the sale of Plaintiff's apples and pears, but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff. Rather, the pears and apples and/or the proceeds from the sale of the apples have been converted to Defendants' own use.

41.  Defendants' actions were willful, wanton, malicious, and oppressive and were done with the intent to defraud Plaintiff. Such acts justify an award of punitive damages in an amount to be proved at the time of trial.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

### FIRST CAUSE OF ACTION
### (Enforcement of the PACA Trust Provisions; Disgorgement of PACA Trust Assets)

**Against All Defendants, Jointly and Severally:**

A.  For an order requiring Defendants to immediately account for and pay and/or disgorge to Plaintiff all PACA trust assets held by or previously held by Ripple Riley, until Plaintiff has been paid in full, plus interest at the contract rate of 18% per year from the date the

COMPLAINT                                   9

obligation became due and payable to Plaintiff until fully paid, costs, and attorneys' fees; and

B.    For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

**Against Defendant Ripple Riley:**

C.    For damages in the total sum of $84,655.70;

D.    For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid, attorneys' fees, and costs; and

E.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty by PACA Trust Trustee)

**Against Defendants Helen Ripple, Kathleen Riley, and Anne Thomas, Jointly and Severally:**

F.    For damages in the total sum of $84,655.70;

G.    For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid;

H.    For attorneys' fees and costs of suit incurred; and

I.    For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (Failure to Pay Promptly and to Maintain PACA Trust)

**Against Defendant Ripple Riley:**

J.    For an order requiring Defendant Ripple Riley to immediately account for and to pay all sums due to Plaintiff in the total amount of $84,655.70;

K.    For interest at the contract rate of 18% per year from the date the obligation became due and payable to Plaintiff until fully paid;

COMPLAINT                          10

L. For attorneys' fees and costs of suit incurred; and

M. For such other and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
(For Unjust Enrichment)

**Against All Defendants, Jointly and Severally:**

N. For damages in the total sum of $84,655.70;

O. For interest at the highest rate allowable from the date the obligation became due and payable to Plaintiff until fully paid;

P. For costs of suit incurred; and

Q. For such other and further relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
(For Conversion)

**Against All Defendants, Jointly and Severally:**

R. For the value of the monies converted in the sum of $84,655.70;

S. For interest at the highest rate allowable from the date the obligation became due and payable to Plaintiff until fully paid;

T. For punitive damages in an amount to be proven at the time of trial;

U. For attorney's fees and costs of suit; and

V. For such other and further relief as the Court deems just and proper.

Date: July 1, 2007             RYNN & JANOWSKY, LLP


                               By:   /s/ Marion I. Quesenbery
                                     MARION I. QUESENBERY
                                     Attorneys for Plaintiff
                                     Altafresh LLC dba Chelan Fresh Marketing

COMPLAINT                              11